UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                            :
ELIZABETH LEWIS, Individually   :
and as Executrix of the Estate of   :
THOMAS I. LEWIS,                       :        Civil Action No.: 10-650 FLW
                                            :
      Plaintiff,                            :        **OPINION**
                                            :
      v.                                   :
                                            :
ASBESTOS CORP., LTD. et al,   :
                                            :
      Defendants.                       :
_____ :

**WOLFSON, United States District Judge**:

Plaintiff Elizabeth Lewis ("Plaintiff" or "Lewis") has filed a motion to remand this matter back to New Jersey state court. Originally, Lewis filed an asbestos claim against a number of companies and Defendant CBS Corporation ("CBS") successfully removed the case to this court based on federal question jurisdiction. What followed was a complex procedural history that involved the matter being made part of a Multi-District Litigation ("MDL") case before the Eastern District of Pennsylvania granted summary judgment for CBS and reassigned the matter back to this court. The only defendants remaining are Bell Asbestos Mines, Ltd. ("Bell"), Metropolitan Life Insurance Company ("MetLife") and General Electric ("GE") (collectively "Defendants"). Plaintiff believes no independent basis for federal jurisdiction now exists because CBS is no longer a party. For the reasons stated below, the Court disagrees and denies Plaintiff's Motion.

I.   BACKGROUND

   a.   Factual Background

The following facts are taken from Plaintiff's Complaint, previously submitted affidavits,

1

and the Eastern District's Opinion from the MDL matter. See Lewis v. Asbestos Corp., Ltd., MDL 875, 2011 WL 5881184 (E.D. Pa. Aug. 2, 2011). This case stems from Thomas Lewis' ("Decedent") alleged asbestos exposure. As a member of the U.S. Navy, the Decedent worked as a fireman aboard the U.S.S. Bigelow and the U.S.S. Springfield between 1962 and 1965. Compl. at ¶ 1. Then he worked at Johns Manville Plant in Manville, New Jersey from 1965 to 1966 and Chicago Bridge and Iron in Birmingham, Alabama from 1967 to 1977. Id. Afterwards, he worked at various paper mills and powerhouses until his retirement in 2000. Id. On May 18, 2006, he was diagnosed with malignant mesothelioma and eventually passed away on June 28, 2008.

Lewis alleges that Bell, GE, and MetLife were intimately involved in the production and manufacturing of the asbestos that caused Decedent's cancer. In particular, she alleges that Decedent was exposed to asbestos in the Navy turbines aboard the Bigelow and the Springfield. Bell argues that the Court has subject matter jurisdiction based on the diversity of the parties. GE argues that the Court has subject matter jurisdiction based on federal question because it operated under the control of a federal officer. In particular, GE asserts that the Navy closely monitored its asbestos laden turbines and held them to the highest of standards—so much so that the Navy governed every detail of the turbine. Additionally, GE alleges that the Navy had superior knowledge of any asbestos related health risks.

    **b. Procedural Background**

On February 13, 2008, Lewis initiated this lawsuit in the Superior Court of New Jersey, Middlesex County. She dismissed GE from that action but then filed a similar complaint on August 8, 2008, against GE and other defendants that are no longer part of this matter. After the filing of the second litigation, the Superior Court granted Plaintiff's motion to consolidate the

two actions.

CBS, a defendant because of its acquisition of Westinghouse Electric Corporation, individually filed a Notice of Removal based on 28 U.S.C. § 1442, the Federal Officer Removal Statute. ("FORS"). Once removed to this court, Plaintiff moved to remand back to state court, alleging that removal was untimely and that FORS was inapplicable. Prior to a hearing on the motion, the matter was transferred to MDL unit 875. In his July 29, 2011 Order, Judge Eduardo Robreno of the Eastern District of Pennsylvania denied Plaintiff's motion to remand. The parties then conducted discovery and the judge granted summary judgment for CBS. After the completion of the MDL-875 pre-trial proceedings, the case was transferred back to this court with Bell, MetLife, and GE as the remaining defendants. Plaintiff now moves to remand back to New Jersey state court arguing that without CBS, the court does not have subject matter jurisdiction. Defendant Bell and GE filed separate briefs in opposition. Plaintiff did not reply to either.

## II. DISCUSSION

Defendants argue that remand is improper and the Court has subject matter jurisdiction based upon federal question and diversity grounds. See 28 U.S.C. §§ 1331, 1332. Whether addressing federal question or diversity, "[r]emoval statutes are to be strictly construed against removal, and all doubts are to be resolved in favor of remand." Lopienski v. Centocor, Inc., 2008 WL 2565065, *2 (D.N.J. Jun. 25, 2008); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996).

### a. Diversity Jurisdiction

Bell argues that the Court retains jurisdiction based on the diversity of the parties. In order to find diversity jurisdiction, the plaintiff must have complete diversity of citizenship from all defendants and there must be more than $75,000 in controversy. See 28 U.S.C. § 1331(a). If

3

any plaintiff and any defendant share state citizenship, complete diversity would be defeated. Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365 (1978); Grand Union Superm. of the Virgin Isl., Inc., v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003).  Currently, Bell asserts that diversity jurisdiction exists because both requirements are met.  Plaintiff does not offer an argument against diversity jurisdiction in its initial motion and declined to file a reply. Bell does not offer any evidence in support of its claims.

Bell asserts that complete diversity exists among the parties.  A corporation's citizenship is determined by its place of incorporation and its principal place of business.  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1185 (2010).  Lewis resides in Alabama.  See Compl. ¶ 1 (Dkt. No. 1-1). Bell states that Bell is incorporated in and has its principal place of business in Quebec, Canada; that MetLife is incorporated in and has its principal place of business in New York; and that GE is incorporated in New York and has its principal place of business in Connecticut.  Plaintiff has not alleged or shown that any of the Defendants are incorporated in Alabama or have their principal place of business in there.  Indeed, Plaintiff failed to reply to Bell's opposition at all. But neither has Bell shown or pointed to any evidence in the record to support its assertions. Bell did not attach a declaration, certification, or affidavit to its opposition, and the Complaint filed in this action was filed in state court and does not specify the place of incorporation or the headquarters of the parties.  If there are any factual disputes, then the "party alleging jurisdiction [must] justify his allegations by a preponderance of the evidence." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 397 (3d Cir. 2004).  There is not necessarily a factual *dispute* here because Plaintiff has failed to reply to or contest Bell's allegations.  Nevertheless, the Supreme Court has held "the court may . . . insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging

4

jurisdiction justify his allegations by a preponderance of evidence." McNutt v. GMAC of Ind., 298 U.S. 178, 189 (1936). Based on Bell's statements, complete diversity exists, and based on Plaintiff's failure to indicate otherwise, there is no apparent reason to doubt the veracity of these statements.[1]

The amount in controversy requirements involves a somewhat different question because here it is the Plaintiff's burden to show that the amount in controversy is below the statutory threshold. "[I]n determining whether the amount in controversy reaches the threshold of $75,000, the court generally accepts the plaintiff's good faith allegations." McCollum v. State Farm Ins. Co., 376 Fed. Appx. 217, 220 (3d Cir. 2010). If the plaintiff "expressly limits her claim below the jurisdictional amount as a precise statement in the complaint…the proponent of jurisdiction must show, to a legal certainty, that the amount in controversy *exceeds* the statutory threshold." Frederico v. Home Depot, 507 F.3d 188, 196 (3d Cir. 2007). (emphasis in original). But where, as here, "the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," then the Court employs the legal certainty test. Id. at 194-197. The legal certainty test imposes the burden on "the *challenger* to subject matter jurisdiction…to prove, to a legal certainty, that the amount in controversy *could not exceed* the statutory threshold." Id. at 195 ("The rule does not require the removing defendant to prove to a legal certainty the plaintiff *can* recover $ 75,000 -- a substantially different standard. This reading of the legal certainty test is supported by *Meritcare*, *Bloom*, *Packard*, and *Nelson*. None of these cases require the defendant to prove the jurisdictional amount to a legal certainty in order to remain in federal court.").

Since the Plaintiff has not specifically averred an amount to avoid jurisdiction, she has

---

[1] Were the Court not ultimately deciding this matter on alternate grounds, it would require Bell to refile its motion with documentation or evidence to support its claim.

5

failed to carry her burden on this issue. For the alleged injuries, she requests a "judgment against defendants jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit." See, e.g., Compl. at 12. Given that a human being's life and death is at issue, the Court cannot unequivocally state that Plaintiff has proved "to a legal certainty, that the amount in controversy *could not exceed* the statutory threshold." Frederico, 507 F.3d at 195 (emphasis added). This is bolstered by the fact that Plaintiff declined to file a reply brief and respond to Bell's diversity jurisdiction arguments.

Thus, it appears likely that the Court has original jurisdiction pursuant to § 1332 although questions remain regarding the citizenship of the Defendants. Nevertheless, I need not decide whether I have subject matter jurisdiction based on diversity because it is clear that the Court has jurisdiction based on the federal officer removal statute, thus raising a federal question.[2]

### b. Federal Question Jurisdiction

The Court has subject matter jurisdiction because GE's federal defense under 28 U.S.C. § 1442(a)(1) raises a federal question. FORS "directs that an action in state court brought against an officer, or person acting under that officer, of the United States or an agency thereof, for any act under color of such office may be removed to federal court." N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp., 381 F.Supp.2d 398, 401 (D.N.J. 2005). Removal pursuant to the federal officer removal statute is proper if a defendant can establish:

> (1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office.

---

[2] The Eastern District of Pennsylvania denied Plaintiff's motion to remand based on CBS invoking the federal officer removal statute. Lewis v. Asbestos Corp., Ltd., Case No. 10-64625, Dkt. No. 76 at 1 n.1 (E.D. Pa. Jul. 28, 2011).

Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir.1998) (internal citations omitted).  These are known as the Feidt factors.

GE has the burden of demonstrating 1442(a)(1) jurisdiction.  This is a higher burden when the defendant seeking removal is a private party; in such cases, the defendant "bear[s] a special burden of establishing the official nature of [its] activities." Exxon Mobil at 403 n. 5. (internal citations and quotations omitted).  Private party defendants must carry this heightened burden because "the policy reasons for generally favoring removal and the existence of federal jurisdiction under section 1442 are not applicable." Orthopedic Specialists of New Jersey PA v. Horizon Blue Cross/Blue Shield of New Jersey, 518 F.Supp.2d. 128, 133 (D.N.J. 2007) (internal citation omitted).

Plaintiff's only argument against federal question jurisdiction is made as to all Defendants and is that Defendants' private entity status deprive them of any protection afforded under 28 U.S.C. § 1442(a)(1).  In particular, Plaintiff believes Defendants cannot allege that they acted pursuant to a federal officer's directions or establish a colorable federal defense.  Plaintiff cites no case law specifically applicable to its argument.  GE argues that it fulfills each requirement despite its private entity status.

i. GE is a Person Under the Statute

Case law supports Defendants' status as a "person" under 1442(a)(1). Courts have consistently recognized that for the purposes of 1442(a)(1), a corporation qualifies as a person. *See* Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 145 (2007); In re Methyl Tertiary Butyl Ether Products Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) ("[I]t is clear that [private] corporations are 'persons' within the meaning of the [1442(a)(1)] statute."); see also Moore v. Turner Const. Co., No 07-5658, 2008 WL 4723017 (D.N.J. Oct. 24, 2008); Orthopedic

7

Specialists, 518 F.Supp.2d at 134; Exxon Mobil, 381 F.Supp.2d at 403 n.6; Crackau v. Kucent Technologies, 2003 WL 21665135, at *2 (D.N.J. Jun. 25, 2003).  Accordingly, this Court finds that Defendant GE has satisfied the first of the Feidt factors.

        ii.   GE "Acted Under" a Federal Office

The second Feidt factor requires the party requesting removal to "demonstrate that it performed the *complained-of activity* at the direction of official federal authority."  Orthopedic Specialists, 518 F.Supp.2d at 134 (emphasis in original); New Jersey Dep't of Environmental Protection v. Dixo Company, Inc., No. 06-1041, 2006 WL 2716092, *3 (D.N.J. Sept.22, 2006) (limiting the court's 1442(a)(1) analysis to the complained-of activity, i.e. the disposal of hazardous waste on private property in New Jersey).  Specifically, a defendant must show that the action in question was done under the direct and detailed control of a federal officer.  Id. "[The] control requirement can be satisfied by strong government intervention."  Exxon Mobil, 381 F.Supp.2d at 404 (internal citations omitted); Megill v. Worthington Pump, Inc., No. 98-076, 1999 WL 191565 (D. Del. Mar. 26, 1999) (holding that removal is proper when the acts in question are performed "pursuant to an officer's direct orders or comprehensive and detailed regulations").  Conversely, if a private party only establishes that the act in question "occurred under the general auspices of federal direction," removal is improper.  Ryan v. Dow Chem. Co., 781 F. Supp. 934, 947 (E.D.N.Y. 1992).

GE has alleged sufficient facts to show that it likely acted under direct federal control for purposes of the FORS.  According to GE, the Navy Sea Systems Command (NAVSEA), a federal office, "supervised, enforced and approved GE's compliance with the plans and specifications for its turbines." Hobson Aff. ¶ 6.  Also, the Navy had final approval of all operating manuals, blueprints, and safety or hazard information that accompanied the equipment.

Hobson Aff. ¶ 5.  In that connection, the Navy dictated both the existence and the contents of any warning labels.  See Hobson Aff. ¶ 4; Lehman Aff. ¶ 4.  This shows "an unusually close... [relationship,] involving detailed regulation, monitoring, or supervision" while producing an "item that" the government needs.  See Watson, 551 U.S. at 153 (2007); Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770, 784 (E.D. Pa. 2010) ("Therefore, to the extent the affidavits are true, it is clear that the Navy ... [could be] responsible for the lack of warnings.").

        iii.  GE Raises a Colorable Defense

The defendant must raise a federal defense to fulfill the third Feidt factor.  The defense need not ultimately be meritorious. Instead, the defendant must demonstrate that "a colorable claim to ... a defense has been made." Exxon Mobil, 381 F.Supp.2d at 403.  See also New Jersey Dep't of Environmental Protection v. Viacom, Inc., No. 06-1753, 2006 WL 3534364, at *3 (D.N.J. Dec.7, 2006) ("Questions regarding the merits of an asserted defense are distinct and have no connection to the question of jurisdiction.").  GE points to two potential defenses stemming from official immunity pursuant to the Federal Tort Claims Act.  First, is the government military contractor defense established in Boyle v. United Technologies Corp., 487 U.S. 500 (1988).  The second is the nonmilitary contractor defense as set forth in Carley v. Wheeled Coach, 991 F.2d 117 (3d Cir.1993).  Either can satisfy this prong.  See e.g., Viacom, 2006 WL 3534364 at *3 (finding that cursory assertions of specific federal defenses such as the government contractor defense and federal preemption defense were sufficient); Exxon Mobil, 381 F.Supp.2d at 403 (recognizing that a private party defendant may assert the military and nonmilitary contractor defenses for the purposes of 1442(a)(1) removal).

GE has raised a colorable government military contractor defense as established in Boyle.  The defense has three requirements: (1) the United States must have approved reasonably precise

specifications, (2) the equipment conformed to those specifications and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but unknown to the United States.  Boyle, 487 U.S. at 512.  As discussed for the "acting under" requirement, the Defendant has sufficiently alleged that the Navy exercised complete control over almost every facet of its turbines.  GE alleges the Navy ordered GE to unvaryingly adhere to every requested specification.  See generally October 17, 2003 Hobson Aff.; March 31, 2004 Hobson Aff.  The second element may be established by alleging the Government's acceptance of the product at issue.  Lewis v. Babcock Indus., Inc., 985 F.2d 83, 87 (2d Cir. 1993).  The "purpose of this inquiry is to exclude from the defense those cases where the Government merely 'rubber stamps' a design."  According to GE, the Navy subjected the machinery to intensive trials and only agreed to use the turbines after GE fixed all deficiencies.  See October 17, 2003 Hobson Aff. ¶ 20; March 31, 2004 Hobson Aff. ¶ 8, ("Supervision and control were exercised through contract documents, design construction drawings, written specifications and personal oversight of GE's work.").  The Navy's exacting standards combined with the acceptance of the turbines show that it believed the equipment was appropriate.  For the final element, GE specifically states that there "was no information concerning any asbestos hazard or danger posed by any asbestos-containing product applied to any marine turbine on a U.S. Navy ship known by GE that was not known to the ... U.S. Navy."  Betts Aff. ¶ 31, February 9, 2005.  Given that GE has alleged the Navy's superior knowledge of the health risks, the third element and the federal defense requirement overall have been satisfied.

            iv.   A Casual Nexus Exists

A causal nexus is found when the complained-of action is closely related to direct federal control.  Exxon Mobil, 381 F.Supp.2d at 404-05; Bahrs v. Hughes Aircraft Co., 795 F.Supp. 965,

970 (D. Ariz. 1992) (finding removal was improper where government involvement in the production of war materials was not closely related to action in dispute, waste disposal). Here, a causal nexus exists between the "conduct performed under federal direction and ... Plaintiff's failure to warn claim." Hagen, 739 F. Supp. at 785. Hagen presented an almost identical factual scenario of an ex-Naval employee suing for asbestos exposure aboard a naval vessel. The court found a casual nexus because the defendant alleged "the Navy was responsible for the lack of warnings." Id. at 784. Here too, GE has alleged that the Navy asserted complete control over the warning labels' existence and contents. See October 6, 2004 Hobson Aff. ¶ 4; October 6, 2004 Lehman Aff. ¶ 4. GE has argued that any "failure to warn relates to the Navy's extensive supervision and control over the ... [turbines] Defendant manufactured." Bouchard v. CBS Corp., MDL-875, 2012 WL 1344388 (E.D. Pa. Apr. 17, 2012). Accordingly, "the necessary causal connection exists." See id.

     GE has established all required Feidt elements and thus established federal question jurisdiction. Therefore, the Court has jurisdiction over the entire case. Removal based on § 1442 does not require unanimity of all defendants and applies to the entire matter, even if only one defendant can claim status as a federal officer. "Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to federal court." Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co., 644 F.2d 1310, 1315 (9th Cir. 1981); see also Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998); Doe v. Kerwood, 969 F.2d 165, 168 (5th Cir. 1992); Ely Valley Mines, Inc. v. Hartford Accident and Indem. Co., 644 F.2d 1310, 1314-15 (9th Cir. 1981); Bradford v. Harding, 284 F.2d 307, 310 (2d Cir. 1960); Huntingdon Valley Club Condo. Ass'n v. Pa. Hous.

Fin. Agency, No. 04-4770, 2005 U.S. Dist. LEXIS 234, *6 (E.D. Pa. Jan. 10, 2005) ("Although the Third Circuit has not addressed the issue, every court of appeals to have considered the issue has decided that a federal officer or agency may unilaterally remove an entire case to federal court under § 1442, regardless of whether other defendants join in the removal notice.").

    c. **Supplemental Jurisdiction**

Plaintiff asks the Court not to exercise supplemental jurisdiction over any remaining state law claims. Pursuant to 28 U.S.C. 1367(c), the court can decline to exercise jurisdiction over the suit if a litigant raises a "novel or complex issue of State law" (28 U.S.C. § 1367(c)(1)), the state law claims "substantially predominate" the federal claims (28 U.S.C. § 1367(c)(2)), the court has "dismissed all claims over which it has original jurisdiction", (28 U.S.C. § 1367(c)(3)) or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Supplemental jurisdiction is appropriately exercised when the federal and state law claims "derive from a common nucleus of operative fact" or are of such nature that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); See also City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) ("Federal court should consider and weigh ... the values of judicial economy, convenience, fairness, and comity when deciding whether to exercise supplemental jurisdiction.") (internal quotations omitted). Plaintiff first argues that remand is required pursuant to 28 U.S.C. § 1447(c), which states "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." As found above, the court has subject matter jurisdiction and rejects this argument. Plaintiff does not address the scenario of concurrently present federal and state law claims.

Moreover, the claims arise under a common nucleus of operative fact. The Third Circuit

has stated that "[i]n trying to set out standards for supplemental jurisdiction and to apply them consistently, we observe that, like unhappy families, no two cases of supplemental jurisdiction are exactly alike." Nanavati v. Burdette Tomlin Memorial Hosp., 857 F.2d 96, 105 (3d Cir.1988). Plaintiff alleges injuries under state law because of asbestos exposure from, among other sources, GE's turbines. GE directly asserts a federal defense in response to Lewis' state law claims. If successful, this would legally relieve it from any responsibility arising from asbestos exposure to its products. Since "the same act" relates to "parallel federal and state laws, the common nucleus of operative facts is obvious." Lyon v. Whisman, 45 F.3d 758, 761 (3d Cir. 1995).

Nor do the state law claims dominate over the federal question. The Third Circuit has said predomination occurs when "a state claim constitutes the real body of a case, to which the federal claim is only an appendage. [Essentially,] only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995) (internal citations and quotations omitted).[3] Given the close relationship between the FORS defense and the failure to warn claims, the federal defense and state claims are factually and logically intertwined. Nor does Plaintiff allege any exceptional circumstances that invoke concerns of judicial economy, convenience, fairness, or comity. Therefore, the court will retain jurisdiction over all claims.

---

[3] Plaintiff relies on Moore v. Debiase, 766 F.Supp. 1311 (D. N. J. 1991) as an example of a court remanding an independent federal law claim with state law claims. The Third Circuit in Lancaster court specifically rejected Moore and stated that a court cannot decline to exercise jurisdiction over an independent federal law claim pursuant to 28 U.S.C. § 1441. "The district court's discretion to remand under § 1441(c) can pertain only to those *state law claims* which the district court could decline to hear under 28 U.S.C. § 1367." Lancaster, 45 F.3d at 787 (emphasis in original).

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is denied.  An order will be entered consistent with this Opinion.


Dated: August 7, 2012                                       /s/     Freda L. Wolfson
                                                            Honorable Freda L. Wolfson
                                                            United States District Judge